MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
FRANCISCO VILLANUEVA FABIAN,
*individually and on behalf of others similarly*
*situated,*

<div style="display:flex; justify-content:space-between;">

*Plaintiff*,

**COMPLAINT**

</div>

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

NEW KO SUSHI JAPANESE
RESTAURANT INC.  (D/B/A KO SUSHI),
GREAT LAKES NY, NY, INC.  (D/B/A KO
SUSHI), JIM CAI WANG (A/K/A
"TOMMY") , MAI JIANG ZHU (A/K/A
"JIMMY" CHEN) , and DAO LIN ,

**ECF Case**

*Defendants.*
--------------------------------------------------------X

Plaintiff Francisco Villanueva Fabian ("Plaintiff Villanueva" or "Mr. Villanueva"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against New Ko Sushi Japanese

Restaurant Inc. (d/b/a Ko Sushi), Great Lakes NY, NY, Inc. (d/b/a Ko Sushi), ("Defendant

Corporations"), Jim Cai Wang (a/k/a "Tommy"), Mai Jiang Zhu (a/k/a "Jimmy" Chen), and Dao

Lin, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Villanueva is a former employee of Defendants New Ko Sushi Japanese Restaurant Inc. (d/b/a Ko Sushi), Great Lakes NY, NY, Inc. (d/b/a Ko Sushi), Jim Cai Wang (a/k/a "Tommy"), Mai Jiang Zhu (a/k/a "Jimmy" Chen), and Dao Lin.

2.       Defendants own, operate, or control a Japanese Restaurant, located at 1329 Second Avenue, New York, NY 10021 under the name "Ko Sushi."

3.      Upon information and belief, individual Defendants Jim Cai Wang (a/k/a "Tommy") and Mai Jiang Zhu (a/k/a "Jimmy" Chen) serve or served as owners, managers, principals, or agents of Defendant Corporation New Ko Sushi Japanese Restaurant Inc. and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Upon information and belief, individual Defendant Dao Lin serves as owner, manager, principal, or agent of Defendant Corporation Great Lakes NY, NY, Inc. and, through this corporate entity, operates the restaurant as a joint or unified enterprise.

5.      Plaintiff Villanueva was an employee of Defendants.

6.      Plaintiff Villanueva was employed as a delivery worker at the restaurant located at 1329 Second Avenue, New York, NY 10021.

7.      At all times relevant to this Complaint, Plaintiff Villanueva worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Villanueva appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.    Further, Defendants failed to pay Plaintiff Villanueva the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.    Furthermore, Defendants repeatedly failed to pay Plaintiff Villanueva wages on a timely basis.

11.    Regardless, at all relevant times, Defendants paid Plaintiff Villanueva at a rate that was lower than the required tip-credit rate.

12.    Defendants' conduct extended beyond Plaintiff Villanueva to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villanueva and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.    In or about May 2017, Great Lakes NY, NY, Inc. purchased, or acquired by other means, the business of Ko Sushi from New Ko Sushi Japanese Restaurant Inc. New Ko Sushi Japanese Restaurant Inc. is unable to provide complete relief to Plaintiff Villanueva; there has been a substantial continuity in the business operations of Ko Sushi since Great Lakes NY, NY, Inc. acquired control; Great Lakes NY, NY, Inc. uses the same location, work force, and supervisory personnel as was used by New Ko Sushi Japanese Restaurant Inc.; the same jobs that existed under New Ko Sushi Japanese Restaurant Inc. exist under the same working conditions under Great Lakes NY, NY, Inc.; Great Lakes NY, NY, Inc. uses the same equipment as was used by New Ko Sushi Japanese Restaurant Inc. and Great Lakes NY, NY, Inc. provides the same services as were sold by New Ko Sushi Japanese Restaurant Inc. Accordingly, Great Lakes NY, NY, Inc. is a substantial continuity of New Ko Sushi Japanese Restaurant Inc. in operating Ko Sushi.

15.     Plaintiff Villanueva now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Villanueva seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Villanueva's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese Restaurant located in this district.  Further, Plaintiff Villanueva was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.    Plaintiff Francisco Villanueva Fabian ("Plaintiff Villanueva" or "Mr. Villanueva") is an adult individual residing in Bronx County, New York.

20.    Plaintiff Villanueva was employed by Defendants at Ko Sushi from approximately February 1, 2017 until on or about December 11, 2017.

21.    Plaintiff Villanueva consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    At all relevant times, Defendants owned, operated, or controlled a Japanese Restaurant, located at 1329 Second Avenue, New York, NY 10021 under the name "Ko Sushi."

23.    Upon information and belief, New Ko Sushi Japanese Restaurant Inc. (d/b/a Ko Sushi) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains (or maintained) its principal place of business at 1329 Second Avenue, New York, NY 10021.

24.    Upon information and belief, Great Lakes NY, NY, Inc. (d/b/a Ko Sushi) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1329 Second Avenue, New York, NY 10021.

25.    Defendant Jim Cai Wang (a/k/a "Tommy") is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jim Cai Wang (a/k/a "Tommy") is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation New Ko Sushi Japanese Restaurant Inc. Defendant Jim Cai Wang (a/k/a "Tommy") possesses operational control over Defendant Corporation New Ko Sushi Japanese Restaurant Inc.,

- 5 -

an ownership interest in Defendant Corporation New Ko Sushi Japanese Restaurant Inc., and controls significant functions of Defendant Corporation New Ko Sushi Japanese Restaurant Inc. He determined the wages and compensation of the employees of New Ko Sushi Japanese Restaurant Inc., including Plaintiff Villanueva, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.    Defendant Mai Jiang Zhu (a/k/a "Jimmy" Chen) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mai Jiang Zhu (a/k/a "Jimmy" Chen) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation New Ko Sushi Japanese Restaurant Inc. Defendant Mai Jiang Zhu (a/k/a "Jimmy" Chen) possessed operational control over Defendant Corporation New Ko Sushi Japanese Restaurant Inc., an ownership interest in Defendant Corporation New Ko Sushi Japanese Restaurant Inc., and controlled significant functions of Defendant Corporation New Ko Sushi Japanese Restaurant Inc. He determined the wages and compensation of the employees of New Ko Sushi Japanese Restaurant Inc. including Plaintiff Villanueva, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.    Defendant Dao Lin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dao Lin is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation Great Lakes NY, NY, Inc. Defendant Dao Lin possesses operational control over Defendant Corporation Great Lakes NY, NY, Inc., an ownership interest in Defendant Corporation Great Lakes NY, NY, Inc., and controls significant functions of Defendant Corporation Great Lakes NY, NY, Inc. He determines the wages and compensation of the employees of Great Lakes NY, NY, Inc., including Plaintiff Villanueva,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants operate a Japanese Restaurant located in the Upper East Side section of Manhattan.

29. At all relevant times, Individual Defendants, Jim Cai Wang (a/k/a "Tommy"), Mai Jiang Zhu (a/k/a "Jimmy" Chen), and Dao Lin, possessed operational control over Defendant Corporations, possessed ownership interests in Defendant Corporations, and controlled significant functions of Defendant Corporations.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possessed substantial control over Plaintiff Villanueva's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Villanueva, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiff Villanueva (and all similarly situated employees) and are Plaintiff Villanueva's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Villanueva and/or similarly situated individuals.

34. Upon information and belief, Individual Defendants, Jim Cai Wang (a/k/a "Tommy"), Mai Jiang Zhu (a/k/a "Jimmy" Chen), and Dao Lin operate Defendant Corporations as

either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Villanueva's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Villanueva, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Villanueva's services.

36. During 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.    Plaintiff Villanueva is a former employee of Defendants who was employed as a delivery worker.

39.    Plaintiff Villanueva seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Francisco Villanueva Fabian*

40.    Plaintiff Villanueva was employed by Defendants from approximately February 1, 2017 until on or about December 11, 2017.

41.    Defendants ostensibly employed Plaintiff Villanueva as a delivery worker.

42.    Plaintiff Villanueva regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.    Plaintiff Villanueva's work duties required neither discretion nor independent judgment.

44.    Throughout his employment with Defendants, Plaintiff Villanueva regularly worked in excess of 40 hours per week.

45.    From approximately February 1, 2017 until on or about December 11, 2017, Plaintiff Villanueva worked as a delivery worker from approximately 11:00 a.m. until on or about 10:00 to 10:30 p.m., Mondays through Fridays and from approximately 4:00 p.m. until on or about 11:00 to 11:30 p.m., Sundays (typically 62 to 65 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Villanueva his wages in cash.

47. From approximately February 1, 2017 until on or about December 11, 2017, Defendants paid Plaintiff Villanueva a fixed salary of $110 per week on a biweekly basis.

48. Plaintiff Villanueva's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49. For example, Defendants regularly required Plaintiff Villanueva to work an additional 30 minutes past his scheduled departure time, and did not pay him for the additional time he worked.

50. Defendants never granted Plaintiff Villanueva any breaks or meal periods of any kind.

51. Plaintiff Villanueva was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Villanueva regarding overtime and wages under the FLSA and NYLL.

53. Defendants did not provide Plaintiff Villanueva an accurate statement of wages, as required by NYLL 195(3).

54. Defendants never notified Plaintiff Villanueva that his tips were being included as an offset for wages.

55. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Villanueva's wages.

56. Defendants did not give any notice to Plaintiff Villanueva, in English and in Spanish (Plaintiff Villanueva's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     Defendants required Plaintiff Villanueva to purchase "tools of the trade" with his own funds—including a helmet, a vest, a lock, lights, and additional costs for bike maintenance.

*Defendants' General Employment Practices*

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villanueva (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

59.     Plaintiff Villanueva was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

60.     Defendants' pay practices resulted in Plaintiff Villanueva not receiving payment for all his hours worked, and resulting in Plaintiff Villanueva's effective rate of pay falling below the required minimum wage rate.

61.     Defendants habitually required Plaintiff Villanueva to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Villanueva worked.

64.      Plaintiff Villanueva and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

65.    In violation of federal and state law as codified above, Defendants classified Plaintiff Villanueva and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

66.    Defendants failed to inform Plaintiff Villanueva who received tips that Defendants intended to take a deduction against Plaintiff Villanueva's earned wages for tip income, as required by the NYLL before any deduction may be taken.

67.    Defendants failed to inform Plaintiff Villanueva who received tips, that his tips were being credited towards the payment of the minimum wage.

68.    Defendants failed to maintain a record of tips earned by Plaintiff Villanueva who worked as a delivery worker for the tips he received.

69.    Plaintiff Villanueva was paid his wages in cash.

70.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

71.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Villanueva (and similarly situated individuals) worked, and to avoid paying Plaintiff Villanueva properly for his full hours worked.

72.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

73.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Villanueva and other similarly situated former workers.

74. Defendants failed to provide Plaintiff Villanueva and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75. Defendants failed to provide Plaintiff Villanueva and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76. Plaintiff Villanueva brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

77. At all relevant times, Plaintiff Villanueva and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

78.    The claims of Plaintiff Villanueva stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

79.    Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

80.    At all times relevant to this action, Defendants were Plaintiff Villanueva's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Villanueva (and the FLSA Class Members), controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

81.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Villanueva (and the FLSA Class members) at the applicable minimum hourly rate.

84.    Defendants' failure to pay Plaintiff Villanueva (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85.    Plaintiff Villanueva (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

86.    Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

87.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Villanueva (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.    Defendants' failure to pay Plaintiff Villanueva (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

89.    Plaintiff Villanueva (and the FLSA Class members), were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

90.    Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

91.    At all times relevant to this action, Defendants were Plaintiff Villanueva's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Villanueva, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

92.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Villanueva less than the minimum wage.

93.     Defendants' failure to pay Plaintiff Villanueva the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiff Villanueva was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

95.     Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Villanueva overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiff Villanueva overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Villanueva was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

99.     Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants failed to pay Plaintiff Villanueva  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Villanueva's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

101. Defendants' failure to pay Plaintiff Villanueva an additional hour's pay for each day Plaintiff Villanueva's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

102. Plaintiff Villanueva was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

103. Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants failed to provide Plaintiff Villanueva with a written notice, in English and in Spanish (Plaintiff Villanueva's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

105. Defendants are liable to Plaintiff Villanueva in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

- 17 -

106. Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

107. With each payment of wages, Defendants failed to provide Plaintiff Villanueva with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

108. Defendants are liable to Plaintiff Villanueva in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

109. Plaintiff Villanueva repeats and realleges all paragraphs above as though fully set forth herein.

110. Defendants required Plaintiff Villanueva to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

111. Plaintiff Villanueva was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

112.     Plaintiff Villanueva repeats and realleges all paragraphs above as though set forth fully herein.

113.     Defendants did not pay Plaintiff Villanueva on a regular weekly basis, in violation of NYLL §191.

114.     Defendants are liable to Plaintiff Villanueva in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Villanueva respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villanueva and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villanueva and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Villanueva's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Villanueva and the FLSA Class members;

(f)    Awarding Plaintiff Villanueva and the FLSA Class members damages for the amount of unpaid minimum wages and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Villanueva and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villanueva;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villanueva;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Villanueva (Class members);

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Villanueva;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Villanueva's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Awarding Plaintiff Villanueva damages for the amount of unpaid minimum wage, overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiff Villanueva damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

- 20 -

(o)    Awarding Plaintiff Villanueva liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Villanueva pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Villanueva the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Villanueva demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       December 18, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 14, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:             Francisco  Vaillanueva Fabian

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              14 de diciembre

*Certified as a minority-owned business in the State of New York*